UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| LISA CORNELL and TRENTON ANDREWS by next friend LISA CORNELL, <br>       Plaintiffs, <br><br> v. <br><br> HELP AT HOME, LLC, <br>       Defendant. | CAUSE NO.:4:20-CV-86-JEM |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [DE 12], filed January 13, 2021. Defendant argues that Plaintiffs' Complaint fails to state a claim on which relief can be granted.

**I.      Background**

On November 14, 2020, Plaintiffs filed a Complaint alleging that Defendant, a home care services provider that provided services to Plaintiff Trenton Andrews, interfered with the relationship between Andrews and his mother, Plaintiff Lisa Cornell. The Complaint includes six counts arising under 42 U.S.C. § 1983, a state law claim for tortious interference with custody, and a claim for breach of contract. On January 13, 2021, Defendant filed the instant Motion to Dismiss. Plaintiffs filed a response on February 14, 2021, and on March 2, 2021, Defendant filed a reply.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

1

## II.     Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 556 U.S. at 678-79; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The Seventh Circuit Court of Appeals has explained that "[t]he complaint 'must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Serv.,*

*Inc.*, 536 F.3d 663, 668 (7th Cir. 2008)). In order "[t]o meet this plausibility standard, the complaint must supply enough fact to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." *Indep. Trust Corp.*, 665 F.3d at 934-935 (quoting *Twombly*, 550 U.S. at 556) (quotation marks omitted).

### III.     Analysis

Defendant moves for dismissal of all the claims in the Complaint, arguing that Plaintiffs have failed to state a claim on which relief can be granted. Defendant first argues that it is not a state actor so Plaintiffs cannot assert any claims against it under 42 U.S.C. § 1983. "To state a claim for relief in an action brought under § 1983, [plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Section 1983 does not apply to "'merely private conduct, no matter how discriminatory or wrongful.'" *Id.* (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). In general, "a private party will be held responsible as a state actor . . . where the state effectively directs or controls the actions of the private party such that the state can be held responsible for the private party's decision. . . . [or] when the state delegates a public function to a private entity." *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 628 (7th Cir. 1999).

In the Complaint, Plaintiffs allege that "Defendant's actions were taken under color of state law" because it "was working under a contract with the State of Indiana." However, a contract with the state does not turn a private individual into a state actor. *Rendell-Baker v. Kohn*, 457 U.S. 830, 840-841 (1982) ("The school, like the nursing homes, is not fundamentally different from many private corporations whose business depends primarily on contracts . . . for the government. Acts of

3

such private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts."). Defendant argues that Plaintiffs fail to allege any facts to support the claim that Defendant was engaged in a form of state action beyond the mere existence of a contract with the State of Indiana. In response, Plaintiffs argue that "[g]iven that no discovery has been conducted in this case, it is impossible to determine *now*[] that [Defendant] is *not* a state actor." Plaintiffs assert, without argument or recitation of any facts, that Defendant may be dependent on state funding, may be extensively regulated, or may be performing a public function such that there is a sufficiently close nexus between the state and Defendant's actions to hold it responsible under § 1983. However, restating the legal standard for claims on which relief *may* be granted does not actually identify the claim that Plaintiffs are seeking to state. "[A] formulaic recitation of the elements of a cause of action will not do," *Twombly*, 550 U.S. at 555, and in this case Plaintiffs have not even identified sufficient facts for the Court or Defendant to identify the theory on which they are claiming that Defendant should be treated as a state actor. Plaintiffs' claim for relief does not "supply enough fact to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." *Indep. Trust Corp.*, 665 F.3d at 934-935; *see also, e.g., Phillips v. Quality Terminal Servs., LLC*, 855 F. Supp. 2d 764, 779 (N.D. Ill. 2012) ("Plaintiff bears the burden of establishing that [the defendant] is amenable to suit under § 1983.").

Defendant also argues that tortious interference with custody is not a tort recognized under Indiana law. Rather than cite to any case law or even argument describing or establishing the cause of action, Plaintiffs assert that they should be permitted to proceed because "[t]here is no Indiana case law of which the Plaintiffs are aware that prohibits a cause of action for tortious interference with custody." However, it is Plaintiffs' responsibility to establish that the tort exists, not

4

Defendant's to prove it does not. Plaintiffs have failed to give Defendant notice of what valid legal claim they are making. *Granberry v. Bright Ideas in Broad Ripple, Inc.*, 20 N.E.3d 925 (Ind. Ct. App. 2014) ("[The plaintiff] does not contend through cogent argument and citation to authority that the crime of interference with custody gives rise to an actionable tort. And we find no authority under Indiana law to support that proposition.").

Defendants request that the Court also dismiss Plaintiffs' claim for breach of contract, since Plaintiffs fail to identify any specific contract that was breached. "To recover for a breach of contract, a plaintiff must prove that: (1) a contract existed, (2) the defendant breached the contract, and (3) the plaintiff suffered damage as a result of the defendant's breach." *Collins v. McKinney*, 871 N.E.2d 363, 370 (Ind. Ct. App. 2007). In the Complaint, Plaintiffs refer to two supposed contracts: that between Defendant and the State of Indiana, to which it alleges Trenson was a third-party beneficiary, and another with Trenton's co-guardian. Plaintiffs do not include any allegations about the formation of those contracts, the terms, or any other specifics other than that a contract is presumed to exist and allegations that "Defendant breached its contractual duty to Trenton by failing to provide services in Trenton's best interest." As Defendant argues, Plaintiffs have failed to put it or the Court on "notice regarding the nature of any contractual terms or provisions it is alleged to have violated." In response, Plaintiffs repeat their allegations about the actions that Defendant allegedly took, but do not identify any contracts beyond generally alleging that they exist, nor do they identify any specific contractual terms that Defendant is alleged to have breached. *See Cincinnati Specialty, Underwriters Ins. Co. v. DMH Holdings, LLC*, No. 3:11-CV-357, 2013 WL 683493, at *7 (N.D. Ind. Feb. 22, 2013) (granting motion to dismiss because, although it identified the contract, the claimant "has not alleged any act or omission . . . that constitutes a breach" and "[a]bsent an

5

allegation of breach, [claimant] cannot satisfy the elements to maintain a breach of contract action under Indiana law").

Plaintiffs have failed to make a statement of any legal claim showing that they are entitled to relief.

**IV.     Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [DE 12] and **ORDERS** that Plaintiff's Complaint is **DISMISSED**.

SO ORDERED this 7th day of May, 2021.

                                            s/ John E. Martin
                                            MAGISTRATE JUDGE JOHN E. MARTIN
                                            UNITED STATES DISTRICT COURT

cc:     All counsel of record